IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **BAYLOR GLASSCOCK,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CASE NO. 6:22-cv-00738 |
| **JOHN MCCULLAGH BERNARD, LINDSAY MARY HEAL, MCCULLAGH DISTRIBUTION, LTD., and ACCELERATION SIGNS LTD. d/b/a RECYCLE-IT RESOURCE RECOVERY** | § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## COMPLAINT

COMES NOW Plaintiff, Baylor Glasscock, by and through the undersigned attorneys, (hereinafter "Plaintiff") and files this Complaint against Defendants John McCullagh Bernard, Lindsay Mary Heal, McCullagh Distribution, Inc., and Acceleration Signs Ltd. d/b/a Recycle-It Resource Recovery (collectively "Defendants") and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff Baylor Glasscock is an individual and citizen of the State of Texas who resides in Comal County, Texas.

2. Defendant John McCullagh Bernard is a citizen of Canada residing in the Canadian province of British Columbia. Defendant John McCullagh Bernard may be served at his residence and/or regular place of business located at 3914 West 16th Avenue, Vancouver, British Columbia V6R 3C8, Canada, or wherever else he may be found. Alternatively, Defendant John McCullagh Bernard may be served with process under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents ("Hague Convention") at the following address:

1

      McCullagh Distribution, Ltd.
      3914 West 16th Avenue
      Vancouver, British Columbia V6R 3C8, Canada

3. Defendant Lindsay Mary Heal is a citizen of Canada residing in the Canadian province of British Columbia. Defendant Lindsay Mary Heal may be served at her residence located at 10708 102nd Avenue, Fort St. John, British Columbia V1J 2E8, Canada, or at her regular place of business located at 10095 85th Avenue, Fort St. John, British Columbia V1J 4J3, Canada, or wherever else she may be found. Alternatively, Defendant Lindsay Mary Heal may be served with process under the Hague Convention at the following addresses:

      10708 102nd Avenue
      Fort St. John, British Columbia V1J 2E8

      10095 85th Avenue
      Fort St. John, British Columbia V1J 4J3, Canada

4. Defendant McCullagh Distribution, Ltd. ("McCullagh Distribution") is a Canadian entity with its principal place of business in the Canadian province of British Columbia located at 3914 West 16th Avenue, Vancouver, British Columbia V6R 3C8, Canada. Defendant McCullagh Distribution, Ltd. engages in business in the State of Texas but does not maintain a regular place of business in this State and does not maintain a designated agent for service of process in this State. Therefore, Defendant McCullagh Distribution, Ltd. may be served with process by serving the Secretary of State as the substituted agent for service of process under Tex. Civ. Prac. & Rem. Code §§ 17.044(a) and (b) at either of the following addresses:

      *Via Certified or Regular Mail*
      Service of Process
      Secretary of State
      P.O. Box 12079
      Austin, Texas 78711-2079

      *Via Delivery or Overnight Mail*
      Service of Process
      Secretary of State

>James E. Rudder Building
>1019 Brazos, Room 105
>Austin, Texas 78701

5. The Secretary of State should be instructed to forward this Complaint and citation to Defendant McCullagh Distribution, Ltd., at its home office address, which is its principal place of business:

>McCullagh Distribution, Ltd.
>3914 West 16th Avenue
>Vancouver, British Columbia V6R 3C8, Canada

6. Alternatively, Defendant McCullagh Distribution, Ltd. may be served with process under the Hague Convention at the following address:

>McCullagh Distribution, Ltd.
>3914 West 16th Avenue
>Vancouver, British Columbia V6R 3C8, Canada

7. Defendant Acceleration Signs Ltd. d/b/a Recycle-It Resource Recovery ("Acceleration Signs") is a Canadian entity with its principal place of business in the Canadian province of British Columbia located at 10095 85th Avenue, Fort St. John, British Columbia V1J 4J3, Canada. Defendant Acceleration Signs Ltd. d/b/a Recycle-It Resource Recovery engages in business in the State of Texas but does not maintain a regular place of business in this State and does not maintain a designated agent for service of process in this State. Therefore, Defendant Acceleration Signs Ltd. d/b/a Recycle-It Resource Recovery may be served with process by serving the Secretary of State as the substituted agent for service of process under Tex. Civ. Prac. & Rem. Code §§ 17.044(a) and (b) at either of the following addresses:

>*Via Certified or Regular Mail*
>Service of Process
>Secretary of State
>P.O. Box 12079
>Austin, Texas 78711-2079
>
>*Via Delivery or Overnight Mail*

>Service of Process
>Secretary of State
>James E. Rudder Building
>1019 Brazos, Room 105
>Austin, Texas 78701

8. The Secretary of State should be instructed to forward this Complaint and citation to Defendant Acceleration Signs Ltd. d/b/a Recycle-It Resource Recovery, at its home office address, which is its principal place of business:

>Acceleration Signs Ltd.
>P.O. Box 6866
>10095 85th Avenue
>Fort St. John, British Columbia V1J 4J3, Canada

9. Alternatively, Defendant Acceleration Signs Ltd. d/b/a Recycle-It Resource Recovery may be served with process under the Hague Convention at the following address:

>Acceleration Signs Ltd.
>P.O. Box 6866
>10095 85th Avenue
>Fort St. John, British Columbia V1J 4J3, Canada

## II. JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendant pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, as this lawsuit arises out of a tort committed by Defendants in whole or in part in Texas. Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by directing their commercial carrier business to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

11. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of a U.S. state and Defendants are citizens of a foreign state, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

12. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to these claims occurred in this district.

### III.   FACTUAL BACKGROUND

13. On August 23, 2021, Plaintiff Baylor Glasscock was driving a 2021 Toyota Corolla west on State Highway 36 in Coryell County, Texas. Defendant John McCullagh Bernard was also travelling west on State Highway 36, ahead of Ms. Glasscock, in a box truck owned by Defendants Lindsay Mary Heal, Acceleration Signs, and McCullagh Distribution. At some point, Defendant John McCullagh Bernard decided he wanted to turn around and head back east on State Highway 36. However, instead of pulling over to a safe location off of the highway to navigate his turn, Defendant John McCullagh Bernard slowed down, stopped, and then began reversing the box truck while still in the west bound side of State Highway 36 despite being unsafe to do so due to traffic traveling west on State Highway 36. While in reverse, the front portion of the box truck went into Ms. Glasscock's lane of travel and her vehicle struck the front left quarter panel of the box truck. As a result of the collision, Ms. Glasscock sustained severe and permanent injuries and was transported from the scene of the crash via air ambulance.

### IV.   COUNT 1 – NEGLIGENCE AGAINST DEFENDANT JOHN MCCULLAGH BERNARD

14. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

15. Defendant John McCullagh Bernard owed Plaintiff a duty to use reasonable care in the operation of his vehicle, and he failed to exercise such reasonable care.

16. Defendant John McCullagh Bernard was negligent in one or more of the following manner(s):

    a. In driving his vehicle in a willful and wanton manner without due regard for the safety of persons and property in violation of Tex. Transp. Code Ann. §545.401;

    b. In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

    c. In failing to swerve or otherwise maneuver the vehicle so as to avoid the collision made the basis of this suit;

    d. In failing to make sure traffic was clear before stopping and reversing his vehicle, so as to avoid the collision made the basis of this suit;

    e. In reversing his vehicle into oncoming traffic;

    f. In obstructing a highway with his vehicle, rendering passage unreasonably hazardous;

    g. In failing to yield the right-of-way;

    h. In driving carelessly and failing to pay attention; and/or

    i. In otherwise operating the vehicle in an unsafe manner.

17. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence in one or more of the above-referenced particulars.

18. Defendant John McCullagh Bernard's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by Plaintiff, which injuries and damages include the following:

    a. Medical expenses in the past and future;

    b. Physical pain and mental anguish in the past and future;

    c. Physical disfigurement in the past and future;

    d. Physical impairment in the past and future; and

    e. Past lost wages.

## V.    COUNT 2 – NEGLIGENCE AGAINST DEFENDANT LINDSAY MARY HEAL

19. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

20. Defendant Lindsay Mary Heal entrusted the truck to Defendant John McCullagh Bernard, who was a careless, reckless, incompetent, and/or unqualified driver. Defendant John McCullagh Bernard was not adequately trained regarding proper use, operation, and safe speed of the truck and/or regarding the safe transportation of materials over the Texas public roadways. He was further not adequately trained to observe for and adjust his speed for roadway conditions that present special hazards to vehicles, like the truck he was operating at the time of the wreck. Defendant Lindsay Mary Heal knew or, through the exercise of reasonable care, should have known that Defendant John McCullagh Bernard was a careless, reckless and/or incompetent and unqualified driver and/or was not adequately trained regarding the proper use and operation of the truck and/or in the safe transport of materials at the time of the accident.

21. Defendant Lindsay Mary Heal owed a duty to use ordinary care in in entrusting a commercial motor vehicle to a commercial driver, specifically Defendant John McCullagh Bernard, that individuals generally would use under the same or similar circumstances. Defendant Lindsay Mary Heal breached this duty and was negligent by the following acts or omissions:

    a. Defendant Lindsay Mary Heal failed to use the reasonable care that an individual would use in entrusting a commercial motor vehicle to a commercial driver, and knew or through the exercise of reasonable care should have known, that Defendant John McCullagh Bernard was unqualified and/or incompetent to operate a commercial motor vehicle on the public roadways;

    b. Defendant Lindsay Mary Heal failed to monitor Defendant John McCullagh Bernard's actions within the subject truck; and

    c. Defendant Lindsay Mary Heal violated various provisions of the Federal Motor Carrier Safety Regulations, including the aiding and abetting of regulation violations by drivers to which she entrusted the truck, including Defendant John McCullagh Bernard.

22. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence in one or more of the above-referenced particulars.

23. Defendant Lindsay Mary Heal's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff, which injuries and damages include the following:

    a. Medical expenses in the past and future;

    b. Physical pain and mental anguish in the past and future;

    c. Physical disfigurement in the past and future;

    d. Physical impairment in the past and future; and

    e. Past lost wages.

## VI. COUNT 3 – NEGLIGENCE AGAINST DEFENDANT MCCULLAGH DISTRIBUTION

24. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

25. Defendant McCullagh Distribution entrusted the truck to Defendant John McCullagh Bernard, who was a careless, reckless, incompetent, and/or unqualified driver. Defendant John McCullagh Bernard was not adequately trained regarding proper use, operation, and safe speed of the truck and/or regarding the safe transportation of materials over the Texas public roadways. He was further not adequately trained to observe for and adjust his speed for roadway conditions that present special hazards to vehicles, like the truck he was operating at the time of the wreck. Defendant McCullagh Distribution knew or, through the exercise of reasonable care, should have known that Defendant John McCullagh Bernard was a careless, reckless and/or incompetent and unqualified driver and/or was not adequately trained regarding the proper use and operation of the truck and/or in the safe transport of materials at the time of the accident.

26. Defendant McCullagh Distribution was negligent in the hiring, training, supervision, management, and/or retention of Defendant John McCullagh Bernard and in negligently entrusting the truck to him. Defendant McCullagh Distribution owed a duty to use ordinary care in the hiring, training, supervision, management, and retention of their employees or statutory employees, specifically Defendant John McCullagh Bernard, that corporations generally, and commercial motor carriers specifically, would use under the same or similar circumstances. Defendant McCullagh Distribution breached this duty and was negligent by the following acts or omissions:

a. Defendant McCullagh Distribution failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining their employee or statutory employee, and knew or through the exercise of reasonable care should have known, that Defendant John McCullagh Bernard was unqualified and/or incompetent to operate a commercial motor vehicle on the public roadways;

b. Defendant McCullagh Distribution failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining their employee or statutory employee, and knew or through the exercise of reasonable care, should have known that Defendant John McCullagh Bernard was unqualified and/or incompetent to transport a trailer on the public roadways;

c. Defendant McCullagh Distribution failed to implement appropriate defensive driving and accident avoidance with regard to the vehicle and load being transported on the date of the occurrence;

d. Defendant McCullagh Distribution failed to monitor Defendant John McCullagh Bernard's actions within the subject truck; and

e. Defendant McCullagh Distribution violated various provisions of the Federal Motor Carrier Safety Regulations, including the aiding and abetting of regulation violations by its drivers, including Defendant John McCullagh Bernard.

27. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence in one or more of the above-referenced particulars.

28. Defendant McCullagh Distribution's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff, which injuries and damages include the following:

    a. Medical expenses in the past and future;

    b. Physical pain and mental anguish in the past and future;

    c. Physical disfigurement in the past and future;

    d. Physical impairment in the past and future; and

    e. Past lost wages.

## VII.   COUNT 4 – NEGLIGENCE AGAINST DEFENDANT ACCELERATION SIGNS

29. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

30. Defendant Acceleration Signs entrusted the truck to Defendant John McCullagh Bernard, who was a careless, reckless, incompetent, and/or unqualified driver. Defendant John McCullagh Bernard was not adequately trained regarding proper use, operation, and safe speed of the truck and/or regarding the safe transportation of materials over the Texas public roadways. He was further not adequately trained to observe for and adjust his speed for roadway conditions that present special hazards to vehicles, like the truck he was operating at the time of the wreck. Defendant Acceleration Signs knew or, through the exercise of reasonable care, should have known that Defendant John McCullagh Bernard was

a careless, reckless and/or incompetent and unqualified driver and/or was not adequately trained regarding the proper use and operation of the truck and/or in the safe transport of materials at the time of the accident.

31. Defendant Acceleration Signs owed a duty to use ordinary care in in entrusting a commercial motor vehicle to a commercial driver, specifically Defendant John McCullagh Bernard, that entities generally would use under the same or similar circumstances. Defendant Acceleration Signs breached this duty and was negligent by the following acts or omissions:

   a. Defendant Acceleration Signs failed to use the reasonable care that an individual would use in entrusting a commercial motor vehicle to a commercial driver, and knew or through the exercise of reasonable care should have known, that Defendant John McCullagh Bernard was unqualified and/or incompetent to operate a commercial motor vehicle on the public roadways;

   b. Defendant Acceleration Signs failed to monitor Defendant John McCullagh Bernard's actions within the subject truck; and

   c. Defendant Acceleration Signs violated various provisions of the Federal Motor Carrier Safety Regulations, including the aiding and abetting of regulation violations by drivers to which it entrusted the truck, including Defendant John McCullagh Bernard.

32. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence in one or more of the above-referenced particulars.

33. Defendant Acceleration Signs's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff, which injuries and damages include the following:

   a. Medical expenses in the past and future;
   b. Physical pain and mental anguish in the past and future;
   c. Physical disfigurement in the past and future;
   d. Physical impairment in the past and future; and
   e. Past lost wages.

## VIII. CONDITIONS PRECEDENT

34. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## IX. JURY DEMAND

35. Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

## X. PRAYER

36. For the reasons above, Plaintiff Baylor Glasscock asks the Court to issue summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages,
   b. Court costs,
   c. Pre-judgment and post-judgment interest at the highest rates allowed by law, and
   d. All other relief, legal or equitable, to which Plaintiff is entitled.

Dated: July 6, 2022                    Respectfully submitted,

                                                  **STECKLER WAYNE CHERRY & LOVE, PLLC**
                                                  8416 Old McGregor Rd.
                                                  Waco, Texas   76712
                                                  Telephone:  (254) 651-3690
                                                  Facsimile:  (254) 651-3689

BY:    /s/ Craig D. Cherry
                                                  **CRAIG D. CHERRY**
                                                  State Bar No. 24012419
                                                  Email: craig@swclaw.com
                                                  **JUSTIN ALLEN**
                                                  State Bar No. 24081977
                                                  Email: justin@swclaw.com
                                                  **MARK D. SIEGMUND**
                                                  State Bar No. 24117055
                                                  Email:  mark@swclaw.com

                                                  **ATTORNEYS FOR PLAINTIFF**